UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | Civil No. _____ |
| | : | |
| $7,600.58 in U.S. Currency (Sai Vang),<br>　　　　Defendant. | : | |
| | : | |
| | : | |

…ooo0ooo…

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, through undersigned counsel, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.　　This is a civil forfeiture action against U.S. currency that is the proceeds of unlawful drug trafficking and is forfeitable pursuant to 21 U.S.C. section 881.

## THE DEFENDANT IN REM

2.　　The defendant is $7,600.58 in U.S. Currency (hereinafter, the "Defendant Currency") seized on December 19, 2013, by Homeland Security Investigations (HSI) from Wells Fargo account number *****9641 in the name of Sai Vang, based on allegations that the funds are proceeds from the sale of marijuana in Laurel, Maryland.

3.　　The Defendant Currency is presently in the custody of HSI and CBP in Maryland.

## JURISDICTION AND VENUE

4.　　Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28

U.S.C. section 1345, over an action for forfeiture under 28 U.S.C. section 1355(a), and over this particular action under 18 U.S.C. section 981 and 21 U.S.C. section 881.

5.      This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. section 1355(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. section 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. section 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.      The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. section 881 because it constitutes and is derived from proceeds traceable to a violation of 21 U.S.C. section 841.

## FACTS

8.      The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Irina Kuvykina, Homeland Security Investigations, which is incorporated herein by reference.

**WHEREFORE,** plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Currency be cited to appear herein and answer the Complaint; that the Defendant Currency be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Customs and Border Protection dispose of the Defendant Currency according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.


Dated:  July 14, 2014.

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

Richard C. Kay
Assistant U.S. Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
410 209-4800

## VERIFICATION

I, Richard C. Kay, declare under penalty of perjury as provided by 28 U.S.C. section 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by Homeland Security Investigations, and that everything contained therein is true and correct to the best of my knowledge and belief.

Richard C. Kay, Esq.
Assistant U.S. Attorney
United States Attorney's Office
District of Maryland

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $7,600.58, United States Currency.

I, Irina Kuvykina, Special Agent with the Homeland Security Investigations (HSI), submit that there are sufficient facts to support a reasonable belief that the $7,600.58 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a.      On December 4, 2013, members of the Homeland Security Investigations (HSI) and Maryland State Police, Metropolitan Area Drug Task Force (MADTF), executed a search warrant at 8283 Mary Lee Lane, Laurel, Maryland 20723 following a delivery of a parcel of marijuana to that address. During the execution of the warrant, law enforcement officers recovered a USPS Parcel containing approximately 4,256 grams of marijuana and additional 110 grams of marijuana, $2300.00 in U.S. currency, four cellular phones, and other drug paraphernalia. The individuals responsible for receiving the aforementioned marijuana were arrested by Maryland State Police and charged with Possession with Intent to Distribute (PWID) marijuana under Maryland State Law.

b.      The cellular telephones were searched pursuant to a warrant and recovered numerous text messages between one of the arrested individuals and his source of supply,

discussing the sale and importation of the marijuana in mail parcels as well getting previously arrested for the sale of marijuana.

      **c.**     In one such message, the source of supply directed one of the arrested individuals to deposit drug proceeds into Wells Fargo bank account number *****9641 belonging to Sai VANG among others. The text message indicated that the deposit of the drug proceeds was needed to facilitate a shipment of another marijuana parcel.

      **d.**     Upon the execution of a search and seizure warrant for Wells Fargo account number *****9641 in the name of Sai VANG, the bank turned over a check in the amount of $7,600.58.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE HOMELAND SECURITY INVESTIGATIONS, IN REFERENCE TO THE SEIZURE OF $7,600.58 U.S. CURRENCY FROM SAI VANG ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.


7·14·2014
Date

Irina Kuvykina
Special Agent
Homeland Security Investigations

## MEMORANDUM

DATE:            July 16, 2014

TO:              Paula M. Rigby / Julie Bedenbaugh
                 Department of Homeland Security
                 U.S. Customs & Border Protection

FROM:            Matthew Miller
                 Paralegal Specialist
                 U.S. Attorney's Office - District of Maryland

RE:              **U.S. v. $7,600.58 U.S. Currency (Sai Vang)**

                 Civil Action No.

                 **CATS  ID No.  14-CBP-000179**
                 **Agency Case No.  2014-1303-000141-01**

The United States has filed a forfeiture action against **$7,600.58 U.S. Currency (Sai Vang).** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

# Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>**UNITED STATES OF AMERICA** | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>**$7,600.58 U.S. Currency (Sai Vang)** | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize | | |
|---|---|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) | | |

| Send NOTICE OF SERVICE copy to Requester:<br><br>Naquita Ervin, FSA Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [ X ] Plaintiff<br>[ ] Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Jul 16, 2014 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

## SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service | [ ] AM<br>[ ] PM |
| | Signature, Title and Treasury Agency | | |

| REMARKS: |
|---|

TD F 90-22.48 (6/96)

Make (5) copies after form is signed.  SEND ORIGINAL + 4 COPIES to TREASURY AGENCY.  Retain Copy #5 for your file.